UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

IN RE:

KEITH ALAN MOLLER and                           Chapter 7
JULIE MARLE MOLLER

    Debtors.                                Bankruptcy No. 04-01413S

FIRST PREMIER BANK

    Plaintiff

vs.                                             Adversary No. 04-9121S

KEITH ALAN MOLLER and
JULIE MARLE MOLLER

    Defendants.


RULING RE:
MOTIONS FOR SUMMARY JUDGMENT

    Plaintiff First Premier Bank (hereinafter "Bank") moves for summary judgment on its claim of nondischargeability under 11 U.S.C. § 523(a)(4). The debtors and defendants, Keith and Julie Moller, resist Bank's motion and ask for summary judgment dismissing Bank's complaint under that Code section. Final trial of this proceeding is scheduled for May 26, 2005. Hearing on the motions was held May 13, 2005 by telephone. Scott Perrenoud appeared as attorney for Bank; James H. Pickner appeared as attorney for Mollers. The court has jurisdiction of this proceeding under 28 U.S.C. § 1334(b) and § 157(a) and the District Court's order of reference. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

    Mollers filed their joint chapter 7 petition on April 14, 2004. On July 16, 2004, Bank filed its complaint asking the court to except its claim against Mollers from their discharges under 11

U.S.C. §§ 523(a)(4) and 523(a)(6). Bank alleged that its monetary claim against Mollers was secured by an interest in all of debtors' business assets and by their home. Bank further alleged that Mollers agreed not to sell personal property collateral or to collect accounts without turning the proceeds over to Bank. Bank says that it also revoked any permission to use proceeds that Bank had earlier given Mollers. Bank alleges that Mollers sold Bank's collateral out of trust by selling the collateral and collecting the accounts and using the proceeds contrary to the terms of "the trust." Bank claims that the damages from the wrongful conduct amount to $42,009.44, and that this amount of its monetary claim should be excepted from each discharge.

According to Bank's complaint, Mollers' actions constituted embezzlement within the meaning of 11 U.S.C. § 523(a)(4), and willful and malicious injury within the meaning of 11 U.S.C. § 523(a)(6). Bank moves for summary judgment only on the claim of nondischargeability under § 523(a)(4), Bank's theory that Mollers' actions constituted embezzlement.

Mollers have denied that their actions constituted either embezzlement or willful and malicious injury. They contend that Bank's claim should not be excepted from their discharges and that Bank's complaint should be dismissed. Mollers resist Bank's motion and move for summary judgment dismissal of Bank's complaint under § 523(a)(4).

Bank contends that to succeed on its embezzlement claim, it must prove "that the debtor was not lawfully entitled to use the

2

funds for the purposes for which they were in fact used." For this proposition, it cites Belfrey v. Cardozo (In re Belfrey), 862 F.2d 661, 662 (8th Cir. 1988). Bank argues that consistent with the relevant law in this circuit, this bankruptcy court has held that there are three essential elements to embezzlement: (1) the debtor was entrusted with property or lawfully came into possession of property of another; (2) the debtor was under a prior restraint, written or oral, as to the use of the property; (3) the terms of the restraint were violated. The Bank cites Brown v. Heister (In re Heister), 290 B.R. 665, 673-74 (Bankr. N.D. Iowa 2003)(Kilburg, J.).

Bank contends that there is no genuine issue as to any material facts regarding these elements, and it further argues that although Mollers may dispute whether they had any fraudulent intent in using the proceeds of Bank's collateral, fraudulent intent is not an element of embezzlement under 11 U.S.C. § 523(a)(4). I disagree. The case cited by Bank clearly states that "Embezzlement, for purposes of this section [523(a)(4)], is the 'fraudulent appropriation of property of another by a person to whom such property has been entrusted or into whose hands it has lawfully come.'" Belfrey v. Cardozo, 862 F.2d at 662; see also, First National Bank of Fayetteville, Arkansas v. Phillips (In re Phillips), 882 F.2d 302, 304 (8th Cir. 1989), (citing Belfrey). In Brown v. Heister, Judge Kilburg did set forth the elements enumerated by Bank. However, he introduced them by stating that embezzlement was a "fraudulent appropriation." Bank's argument ignores this, and would turn a contractual breach into a

3

nondischargeable tort. The intent element of embezzlement has been stated with particularity by the Bankruptcy Court for the Western District of Missouri, which held that among the requisite elements was "[t]he appropriation of funds for the debtor's own benefit, by fraudulent intent or deceit." First State Insurance Co. v. Bryant (In re Bryant), 147 B.R. 507, 512 (Bankr. W.D. Mo. 1992). I agree that fraudulent intent is a necessary element of embezzlement, and that it is a disputed material factual issue in this dispute. For this reason alone I would deny Bank's motion for summary judgment on this theory of nondischargeability.

But Bank's claim under 11 U.S.C. § 523(a)(4) has a more serious and, indeed, a fatal defect. Bank characterizes the collateral and the proceeds thereof as its property. As has been discussed, embezzlement is the fraudulent appropriation of the property of another. One cannot embezzle one's own property. Belfy, 862 F.2d at 662; Trane Federal Credit Union v. Conder (In re Conder), 196 B.R. 104, 111 (Bankr. W.D. Wis. 1995).

I agree with the proposition in Conder that "[w]here a creditor holds nothing more than a security interest in a debtor's property, the relationship is insufficient to support a finding of embezzlement." Id. at 111 (citing In re Heath, 114 B.R. 310, 311-12 (Bankr. N.D. Ga. 1990)). First Premier Bank possessed only a lien. It was not the owner nor the possessor of the property. "As owner of the collateral, the debtor remained the owner of its proceeds, even though both the collateral and its proceeds were subject to a security interest. No person can embezzle from himself." Deere &

4

Company v. Contella (In re Contella), 166 B.R. 26, 30 (Bankr. W.D. N.Y. 1994).

Bank cites several cases for the opposite proposition--that conversion of collateral can constitute embezzlement. See Jones v. Hall (In re Hall), 295 B.R. 877, 881-82 (Bankr. W.D. Ark. 2003)(citing cases). However, these holdings are contrary to the conclusion of our circuit court. The Eighth Circuit, in First National Bank of Fayetteville, Arkansas v. Phillips (In re Phillips), 882 F.2d 302 (8th Cir. 1989), considered whether debtors, as officers and directors of a corporate borrower (Midwest) had embezzled funds of a bank. The district court had affirmed the bankruptcy court in finding the bank's claim to be nondischargeable. The district court found that both Midwest and the secured creditor bank had an interest in the property, and that the debtors had misappropriated the funds through actions indicating fraud. Id. at 304.

The Circuit Court reversed. First it determined that Midwest had given an assignment of property to the creditor merely to secure debt owed to the creditor, that the assignment had not been absolute.

> We, therefore, conclude that Midwest owned the funds from the check subject to the security interest of the Bank. The Bank's security interest does not it give an absolute ownership interest nor does it defeat Midwest's ownership interest. Because the funds belonged to Midwest subject to [Bank's] security interest, the debtors could not have embezzled the funds and the debt is not nondischargeable under section 523(a)(4).

Id. at 304.

I conclude that 11 U.S.C. § 523(a)(4), under the facts of this

5

case, is not a legal basis for excepting Bank's claim from discharge. The plaintiff's motion for summary judgment will be denied. Its claim for relief under 11 U.S.C. § 523(a)(4) will be dismissed. The proceeding will proceed to trial on May 26, 2005 on the claim of nondischargeability under 11 U.S.C. § 523(a)(6).

IT IS ORDERED that plaintiff's motion for summary judgment is denied.

IT IS FURTHER ORDERED that defendants' motion for partial summary adjudication is granted. Plaintiff's claim under 11 U.S.C. § 523(a)(4) is dismissed.

DATED & ENTERED: May 16, 2005

*William L. Edmonds*

William L. Edmonds, Bankruptcy Judge

6